# CHARLESTON.

## DICKEL *v.* SMITH *et al.*

Submitted January 29, 1896—Decided April 8, 1896.

**TRUST PROPERTY—IMPROVEMENTS—TRUSTEE—REIMBURSEMENT.**

> Where a trustee in good faith expends his own funds in improving the property of the *cestui que trust*, and the property is enhanced in value by such improvements to the extent of the expense thereof, such trustee is entitled to be reimbursed such expense out of the increased rents occasioned by such improvements.

JOHN A. HUTCHINSON and MILLER & WHITE for appellant:

I.—*Improvements by life tenant.*—Taylor's Landlord & Tenant, § 335; 2 Perry on Trusts, § 447; 1 S. & S., 552; 2 Hore, 144; 2 Bro. Ch. 652; 30 Beao. 362; 1 Washb. Real Prop. p. 129; 6 Amer. & Eng. Ency. Law, 882; 81 Va. 109; 3 Pomeroy's Eq. Jur. § 1242; Sedgwick & Wait, Trial Title to Land, § 708.

II.—*Compensation for improvements under our statutes.*—Code c. 91; 23 Gratt. 293; 2 Kent's Com. § 334; 29 W. Va. 335; 30 W. Va. 784-5; 2 Barton's Law Prac. p. 1151-2; 21 Gratt. 440; 25 W. Va. 486; 25 W. Va. 751.

III.—*No equitable grounds applicable.*—29 W. Va. 335; Tyler on Eject. § 849; 2 Storys' Eq. Jur. §§ 799, 1237; 27 Gratt. 511; 16 Gratt. 109; 81 Va. 100; 8 Gratt, 281; 79 Va. 283; 79 Va. 148, 11 syl.; 29 Gratt. 763.

IV.—*Smith must account as trustee.*—18 S. E. Rep. 723; 46 Amer. Dec. 56.

MERRICK & SMITH for appellees, cited Code, c. 91, s. 2; 34 W. Va. 644; 1 Washb. R. Prop. 95, 115, 116; Co. Lit. 53, 54, 56; 5 Rich. Eq. 301; 4 Foster, 517; 1 R I. 272; 103 Mass. 345, 351; 16 Mass. 361; 84 Hun, 476; 65 N. Y. (S. R.) 620; 27 S. W. Rep. 86; 39 Pac. Rep. 1105; 26 W. Va. 31.

VAN WINKLE & AMBLER for appellees, cited 38 W. Va. 642; 34 W. Va. 644, 651; 11 W. Va. 127; 39 W. Va 406; Code, c. 91, ss. 1, 2, 4; 22 W. Va. 579; 26 W. Va. 29, 30, 31; 29 W. Va. 258, 333; 27 Gratt. 511; 33 Gratt. 685; 23 Gratt. 302; 2 White & Tudor, Lead. Cas. 1304-5, 1366.

DENT, JUDGE:

Hubert F. Dickel, committee of Delia Doer, appeals to this Court from a decree of the Circuit Court of Wood county, rendered on the 23d day of February, 1894, in a chancery case therein pending, wherein said committee was plaintiff and W. H. Smith, Jr., *et al.* were defendants. This is the second appeal in this cause. See 38 W. Va. 635 (18 S. E. 721). On the former appeal the title of W. H. Smith, Jr. to the property in controversy was held to be void, and he to be trustee thereof for the benefit of the lunatic, Mrs. Doer; and the cause was remanded to be further proceeded in according to such opinion and the rules of law and equity.

After the cause was remanded the plaintiff proceeded by action of ejectment to oust the defendant Smith, and then, in the chancery suit, to compel him to account for the rents and profits. The circuit court referred the matter to a commissioner, and on the coming in of his report entered the following decree, now here complained of, to wit: "And now, at this day, to wit, at a circuit court continued and held for Wood county, at the court-house thereof, on August 3, 1895, this cause came on again to be heard upon the bill and upon all former orders, decrees, and proceedings, and upon all papers, heretofore read herein, and upon the report of C. M. Enright, special commissioner, heretofore filed, and upon the exceptions of the defendant W. H. Smith, Jr., thereto, and upon a copy of the judgment in ejectment in the case of Hubert Dickel, committee aforesaid, against the said W. H. Smith, Jr., and M. L. and M. A. Jones, which is by agreement of the parties made a part of the record of this cause, and was argued by counsel, on consideration whereof the court is of opinion that the three several exceptions of the defendant W. H. Smith, Jr., except as hereinafter decreed, are not well taken. It is therefore ordered, adjudged, and decreed that the said exceptions, and each of

them, except in so far as herein decreed, be, and the same
are, overruled.   And the court doth find and doth adjudge,
order, and decree that the net annual value of the real estate
in the will and proceedings mentioned from August 2, 1882,
the date when the said W. H. Smith, Jr., obtained posses-
sion thereof, to the time when the improvements were made
thereon by him, in June, 1888, was seventy six dollars, and
that the net annual value thereof from the time said improve-
ments were made, not taking into consideration the in-
creased value resulting from said improvements, to March
10, 1890, the date of the death of the life tenant, Anton Do-
er, was seventy six dollars, and that the aggregate annual
value from said 10th day of March, 1890, to the 3d day of
March, 1894, the date of the judgment in ejectment afore-
said, including interest to this date, is the sum of three
hundred and fifty four dollars and four cents.   The court
being of the opinion, and doth now adjudge, order, and de-
cree that the said W. H. Smith, Jr., is not liable to account
to the said complainant for the increased annual value of
said property resulting from the improvement made by said
Smith, to wit, the sum of two hundred dollars per annum,
as found by said Commissioner Enright.   The court doth
further find and doth adjudge, order, and decree that the
value of the improvements or repairs made by the said W.
H. Smith, Jr., in June, 1888, while he was occupying the
said property as life tenant, was as of the date of the death
of said Anton Doer the sum of one thousand two hundred
and forty eight dollars; and in consideration whereof the
court is of the opinion, and doth further adjudge, order, and
decree, that the said W. H. Smith, Jr., is not liable to account
to the said complainant for the annual value of said property
at the rate of two hundred dollars per annum, but is liable
to account to him therefor at the rate of seventy six dollars
per annum, but that he is entitled to offset the value of said
improvements against the said sum of three hundred and
fifty four dollars and four cents, the aggregate sum afore-
said; but the court is of opinion, and doth adjudge, order,
and decree, that the said Smith is not entitled to be reim-
bursed, nor to have a decree against the complainant nor
the estate of said Delia Doer, for the excess of said improve-

ments over said aggregate sum of three hundred and fifty four dollars and four cents." A large part of the decree is omitted as having nothing to do with the questions presented by this appeal.

The plaintiff relies on the following errors:

"*First.* The court erred in decreeing that the defendant, W. H. Smith, Jr., is not liable to account to your petitioner for the full net annual value of the property in the bill mentioned to wit, two hundred dollars per annum, since the 10th day, March, 1890, the date of the death of Anton Doer, the life tenant, to the date of the judgment in ejectment against said Smith, to wit, the 3d day of March, 1894, with interest. *Second.* The court erred in decreeing that the defendant Smith was only liable to account to your petitioner for the rents and profits at the rate of seventy six dollars per annum, and not at the rate of two hundred dollars per annum. *Third.* The court erred in decreeing that the said W. H. Smith, Jr., was entitled to set off against the rents and profits of said property the value of the alleged improvements by him while he occupied said property as life tenant, which accrued to your petitioner after the death of Anton Doer, and after demand for the possession of the property by your petitioner, and after the suit in ejectment was brought against him."

The defendant Smith assigns as error that he was not allowed, as against the property, the full amount of the improvements put thereon by him. The commissioner's report and the evidence returned therewith by reasons of the exceptions taken thereto show the facts to be as follows: That six years after Smith became the purchaser of the property at the commissioner's sale some time in the year 1888 he improved the property to the amount of one thousand three hundred dollars, and enhanced its value to that extent; that prior thereto the rents of the property amounting to about one hundred dollars per annum were not more than sufficient to keep the property in repair, and pay the taxes thereon; that, after the improvements were made, the net rents of the property after the payment of taxes and repairs amounted to two hundred dollars; that he continued to hold the property until July 10, 1894, when he was ousted therefrom by the ejectment suit.

This Court plainly indicated in its former decision that Smith, having purchased in good faith, under void decrees, he should be held to be a trustee of the property for the insane woman; and remanded the case, that the circuit court might treat him as such, and require him to account accordingly. He was not to be treated as a tort feasor, a wrongdoer, or a trespasser against whom all the mere fictions of law were to be enforced, but justly and equitably, according to the actual facts and the truth as they should be established by the evidence. Such being the determination of the Court, right or wrong, it is *res adjudicata*, so far as this case is concerned, and is no longer an open question, and the counsel should have governed themselves in accordance therewith in the circuit court. It was the duty of the chancery court, having taken jurisdiction, to have gone on to complete justice between the parties, and to have stayed all proceedings at law involving the question of the possession of the property, as the parties and the property were both subject to its jurisdiction and control. It was therefore wrong for the trustee, Smith, to be deprived of the possession of the property until it was done by order of the chancery court. But as he did not raise objection to the law proceedings, or ask to be restored to the possession of the property, he will be considered to have waived his rights in this respect.

The doctrine of courts of law as to improvements allowed in ejectment cases does not govern in this case; but it is governed by equitable principles relating to the accounts and settlements of trustees. In the case of *Pratt* v. *Thornton*, 28 Me. 355, it was held that "a trustee can not deduct the amount expended by him for additions and improvements on the trust estate to the prejudice of the *cestui que trust*." In the same case it is said: "It is the business of a court of equity to afford full protection to the *cestui que trust*, but not to punish the trustee for his ignorance or carelessness merely, further than is required for such protection." Also: "It must be, and always has been, the anxious wish of a court of chancery to save a trustee from harm while he is acting in good faith." *Thompson* v. *Thompson*, 16 Wis. 94; 27 Am. & Eng. Enc. Law, 177, 178. A trustee can not

improve his *cestui que trust* out of the estate, nor can he ordinarily charge the corpus of real estate with improvements. But where he makes improvements in good faith, and he enhances thereby the value of the property, and increases the rents thereof, to the extent of such enhancement and increase, he should be reimbursed at least out of such increased rents.

Defendant Smith in good faith, in the year 1888, placed improvements on the property in controversy to the amount of one thousand three hundred dollars, and the property was enhanced in value to that extent and the annual rents increased thereby two hundred dollars. This did not prejudice the rights of the *cestui que trust*, but benefited her propertery to the full extent thereof. This is not controverted but is an admitted fact. Without these improvements the property was and would have continued worthless, as the rents were only sufficient to keep up the repairs and pay the taxes thereon. The improvements should be paid for not out of the corpus of the property but out of the increased rents derived from and by reason of such improvements alone. But Mrs. Doer having to pay for these improvements in full, she is entitled to the increased rent occasioned thereby, not only from the expiration of the life tenancy, but from the date of the improvements. The life tenant, being her trustee or committee, can not improve her property to increase the rents and then keep the increased rents, and make her pay for the improvements. He is regarded as loaning her estate the money the improvements cost, on which he 'is entitled to interest; but she is entitled to be credited thereon with the increased rents from the true date thereof. Such would have been the rule had these improvements been made by defendant Smith as her lawful committee, and the same must apply to him as a constructive trustee.

The decree in this case is reversed, and this case is remanded to the circuit court, with directions to credit defendant Smith with said sum of one thousand three hundred dollars, the amount of the improvements put on the property by him as of the date thereof, and then to charge him with the increased rental of two hundred dollars per annum

from the same date, to wit, 1888, exact time not disclosed by evidence, allowing him interest on the annual balance up until he was ousted from the possession of the property, and thus ascertain the balance on such improvements still unpaid, and for this amount, together with the interest thereon, to give him a decree against the plaintiff, to be paid out of the rents of said property. The plaintiff, as appellant, will pay the costs of this appeal out of the funds in or to come into his hands belonging to his ward.